**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1754-24

TANNIA WINSTON,

    Plaintiff-Appellant,

v.

COTTON TEMPLE COGIC
CHURCH/MARIO MOODY,

    Defendants-Respondents,

and

EMBRIA SCONIERS,

    Defendant.

_____

Argued April 21, 2026 – Decided July 23, 2026

Before Judges Sumners and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0906-20.

Tannia Winston, appellant, argued the cause on appellant's behalf.

Respondents have not filed a brief.

PER CURIAM

In this one-sided appeal, self-represented plaintiff Tannia Winston appeals the trial court's orders denying her entry of default judgment against defendants Cotton Temple COGIC (church) and Mario Moody, and her subsequent motions for reconsideration, reinstatement of her complaint, amendment of her complaint, and request for a proof hearing. We conclude the court improperly applied the Charitable Immunity Act, N.J.S.A. 2A:53A-7 to -11, to reject claims against the church, and misapplied caselaw to plaintiff's assault claim. We, however, affirm the order denying plaintiff default judgment because she is only entitled to nominal damages for the assault claim—which is not a basis for reversal—and she did not establish a prima facie case for her other claims. In addition, we affirm the orders denying reinstatement and amendment of her complaint, and her request for a proof hearing because she did not establish a meritorious basis for relief.

I.

In November 2019, Winston filed a self-represented complaint in the Hudson Vicinage against her the church and two of its members, Moody and Embria Sconiers, alleging harassment, discrimination, invasion of privacy, defamation, false complaint, entrapment, emotional and spiritual abuse

(intentional infliction of emotional distress (IIED)), and retaliation related to incidents with Moody and Sconiers, which led to her dismissal from the church. After the complaint was transferred to the Essex Vicinage, numerous administrative dismissals for lack of prosecution and reinstatements followed over the next several years. In May 2024, the complaint was reinstated, and two months later, Sconiers was dismissed as a defendant due to her passing in 2021.

Winston subsequently filed for default judgment against the remaining defendants, and an ex parte proof hearing was held on December 5, 2024. At the conclusion of the proof hearing, the court entered an order and rendered a bench decision dismissing her complaint without prejudice. The court held that the church was immune under the charitable immunity defense and, moreover, that plaintiff did not establish a prima facie case against defendants for any of her claims.

Winston later moved for reconsideration, reinstatement of her complaint, amendment of her complaint, and a proof hearing. On January 17, 2025, the court entered orders denying plaintiff's motions and briefly setting forth its reasoning. This appeal followed.

3

II.

As a threshold matter, because plaintiff's arguments were not raised before the trial court, we are not obligated to consider them as they neither address "'the jurisdiction of the trial court [n]or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)); see also Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012). Nevertheless, upon consideration of plaintiff's arguments, we conclude they do not justify reversal of the orders.

III.

We initially address plaintiff's appeal of the trial court's order denying entry of default judgment. Our review is for abuse of discretion. Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 293 (App. Div. 2021) (applying an abuse of discretion standard for review of entry of default judgment); Chakravarti v. Pegasus Consulting Grp., Inc., 393 N.J. Super. 203, 211 (App. Div. 2007) (holding that "the question of what proofs are necessary [in a proof hearing] is inherently within the [court's] discretion"). An abuse of discretion occurs when the trial court's "'decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an

4

impermissible basis.'" United States ex rel. U.S. Dept. of Agric. v. Scurry, 193 N.J. 492, 504 (2008) (alteration in original) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

A.

Plaintiff first argues that the court should have granted her default judgment because defendants never filed an answer and did not present opposition at the proof hearing. We disagree.

Default judgment is not granted merely because there is no opposition at a proof hearing. See Heimbach v. Mueller, 229 N.J. Super. 17, 23-24 (App. Div. 1988) (holding that "the standard of proof . . . is equally applicable to a proof hearing in which the defaulted defendant plays no part"). Unlike most jurisdictions, in which liability is presumed after default, New Jersey courts have the discretion to require proof of liability following a defendant's default. See id. at 20-21 (citing Douglas v. Harris, 35 N.J. 270, 276 (1961)). "[O]ur practice is modeled after the federal practice." Id. at 22. Accordingly, the plaintiff must "adduce proofs which show that the facts alleged . . . could conceivably be proved at trial, and that, if proved, they would establish the legally required elements of plaintiff's claim for relief." Id. at 23. The entry of judgment against a defaulting defendant at a proof hearing cannot be "on the

5

ground that the court doubted the credibility of the testimony presented." Ibid. Rather it must be "because some necessary element of [the] plaintiff's prima facie case was missing or because [the] plaintiff's claim was barred by some rule of law whose applicability was evident either from the pleadings or from the proofs presented." Id. at 23-24. Thus, the court here did not abuse its discretion in determining whether plaintiff established if she was entitled to judgment for her respective claims.

B.

Before analyzing plaintiff's claims, we address her assertion that the trial court erred by sua sponte raising the charitable immunity defense. After examining plaintiff's claims, the court determined the charitable immunity defense applied because she did not allege the Church was grossly negligent and there was no evidence of such conduct.

Plaintiff is correct in arguing that the trial court should not have raised the charitable immunity defense. "Charitable immunity is an affirmative defense, as to which, like all affirmative defenses, defendants bear the burden of persuasion." Roberts v. Timber Birch-Broadmoore Athletic Ass'n, 371 N.J. Super. 189, 193–94 (App. Div. 2004) (internal citations and quotation marks omitted) (quoting Auerbach v. Jersey Wahoos Swim Club, 368 N.J. Super. 403,

6

410 (App. Div. 2004)).  Because the defense was not pled or raised by defendants, it is considered waived.  See R. 4:5-4 (requiring that "[a] responsive pleading . . . set forth . . . affirmative defense[s]"); Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2.1 on R. 4:5-4 at 1064 (2026) (citing Hopkins v. LVNV Funding LLC, 481 N.J. Super. 49, 65 (App. Div. 2025)) ("While the rule does not expressly so state, it is clear that ordinarily an affirmative defense that is not pleaded or otherwise timely raised is deemed to have been waived.").  First, the court did not articulate "any public policy or other exceptional circumstance" to relax the rule that an affirmative defense must be pled.  See Heimbach, 229 N.J. Super. at 25-26.  Second, establishing this defense requires fact-finding and weighing of evidence which was solely in the defaulting defendants' possession.  Third, because the court sua sponte raised this defense for the first time at the proof hearing, plaintiff did not have a meaningful opportunity to counter the argument.

## C.

Having parted company with the trial court's application of the charitable immunity defense, we now assess the court's decision not to award plaintiff default judgment because she did not establish a prima facie case for any of her claims.

A-1754-24

Regarding plaintiff's claim that defendants harassed her, we agree with the court's dismissal of the claim because there is no basis for the claim in civil tort law; it is a criminal law concept.

Regarding plaintiff's claim that defendants discriminated against her for filing an internal church complaint that Moody assaulted her at the church—forcing her dismissal from the church—the court correctly held that plaintiff cites no cognizable New Jersey law for such an allegation.

Regarding plaintiff's entrapment claim that she was asked to leave the church and Moody tried to "entrap [her] to fight him," the court correctly ruled that entrapment is not a civil tort in our state but "an affirmative defense to a criminal charge."

Regarding plaintiff's false light and defamation claims that defendants told church members that she was a threat to the church and that she filed an internal church complaint against Moody, the court properly found the statement was not false, as plaintiff admits she filed the complaint, and calling her a threat to the church was opinion and not a factual statement. This court has held that "[a] fundamental requirement of the false light tort is that the disputed publicity be in fact false," G.D. v. Kenny, 411 N.J. Super. 176, 195-96 (App. Div. 2009) (alteration in original) (quoting Romaine v. Kallinger, 109 N.J. 282, 294

A-1754-24

(1988)), and that a defamation claim requires the statement to be false and not be an opinion, id. at 187.

Regarding plaintiff's claim that defendants placed her in a false light or defamed her by filing two false municipal court complaints, the court correctly held that her allegation spoke to malicious prosecution, which was not pled and, thus, was not a viable claim.

Regarding plaintiff's IIED claim, the trial court correctly found that she had not established a prima facie case because her allegations are in "the realm of insults, indignities, threats, annoyances . . . such that it doesn't rise to the level of [IIED], which is a very high hurdle for individuals to meet even when represented by counsel."[1] We agree with the court that "the threshold for an

_____

[1] To establish IIED the plaintiff must show that:

> (1) the defendant acted intentionally; (2) the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community;" (3) the defendant's actions proximately caused him/her emotional distress; and (4) the emotional distress was "so severe that no reasonable [person] could be expected to endure it."
>
> [Soliman v. Kushner Companies, Inc., 433 N.J. Super. 153, 177 (App. Div. 2013) (alteration in original)

[IIED] tort [has not been satisfied] . . . and that . . . [plaintiff's] injuries . . . are more appropriate as a species of damages under the whistleblower-type complaint."  And given that defendants did not employ Winston, such a complaint is not viable.  See Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -16.

Regarding plaintiff's claims of discrimination and retaliation for filing an internal church complaint, the court correctly ruled that, because defendants did not employ plaintiff, there was no basis for the claims.

Lastly, regarding the court's ruling that plaintiff failed to establish a prima facie case of assault because she did not suffer any physical injury, plaintiff is correct that the court misapplied the law.  Plaintiff alleged that "three times . . . Moody tried to grab [her] . . . and [she] had to . . . try to jump out of his way to keep him from grabbing [her]."  Given the "indulgent[]" view courts should give the non-defaulting party at a proof hearing, Heimbach, 229 N.J. Super. at 20 (quoting Morales v. Santiago, 217 N.J. Super. 496, 505 (App. Div. 1987)), plaintiff showed that the facts alleged could have "conceivably be[en] proved at trial," which satisfies the standard set forth in Heimbach, and she was entitled

(quoting Segal v. Lynch, 413 N.J. Super. 171, 191 (App. Div. 2010)).]

10

to nominal damages, id. at 19-23. There does not need to be a physical injury to establish assault. "'[P]roof of an unauthorized invasion of the plaintiff's person, even if harmless, entitles [them] to nominal damages' based upon the theory of assault and battery." Samoilov v. Raz, 222 N.J. Super. 108, 113 (App. Div. 1987) (quoting Perna v. Pirozzi, 92 N.J. 446, 460 (1983)). However, a judgment is not generally "reversed merely to permit the recovery of nominal damages." Gebhardt v. Pub. Serv. Coordinated Transp., 48 N.J. Super. 173, 184 (App. Div. 1957).

IV.

We next address plaintiff's arguments pertaining to the trial court's January 17, 2025 orders denying her motion to amend her complaint and entry of default judgment.

Plaintiff argues the court erred in denying her motion to amend her complaint to add a claim of malicious prosecution. She contends the motion should have been granted because as a self-represented litigant, she did not know she had to file a separate motion to amend her complaint and did not add a malicious prosecution claim as an attempt to be "sneaky." Plaintiff believed a motion to reinstate under Rule 1:13-7 was sufficient to amend her complaint. We are unpersuaded.

The decision to allow or deny amended claims is fact-sensitive and is subject to the trial court's sound discretion. Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006). In denying plaintiff relief, the trial court correctly held, "given that the matter has been dismissed [in his December 2024 order], there is no open matter wherein the court could legally grant amendment of the complaint." The fact that plaintiff is self-represented does not excuse her from following our court rules as "a self-represented litigant is 'not entitled to greater rights than [a] litigant[] . . . represented by counsel,'" Mims v. City of Gloucester, 479 N.J. Super. 1, 4 (App. Div. 2024) (alterations in original) (quoting Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 96 (App. Div. 2014)), and is "held to the same standards of compliance with our Court Rules," ibid. (quoting Venner v. Allstate, 306 N.J. Super. 106, 110 (App. Div. 1997)). We see no reason to change the court's order denying plaintiff's motion to amend her complaint. Moreover, as the trial court explained, plaintiff still had the opportunity to file a separate malicious prosecution claim against defendants.

Plaintiff argues the court should have granted her motion to reconsider because defendants' conduct was grossly negligent, to avoid dismissal of her claims under the charitable immunity defense. First, as noted, the charitable

12

A-1754-24

immunity defense does not apply here because it is an affirmative defense that cannot be considered to benefit defaulting defendants. Second, as the court correctly held, plaintiff failed to show "any binding precedent that the court purportedly overlooked," and there is no "basis i[n] either law or fact to reconsider the prior legal ruling[]." See R. 4:49-2 ("[A] motion for . . . reconsideration . . . shall state with specificity . . . the matters or controlling decisions that counsel believes the court has overlooked or as to which it has erred . . . ."). The court did not abuse its discretion in denying reconsideration. See Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (holding a trial court's decision on a reconsideration motion is reviewed for an abuse of discretion).

To the extent we have not addressed any of plaintiff's contentions, it is because they lack sufficient merit to be discussed in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

13

A-1754-24